# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN BAEZ,<br>    Petitioner<br><br>    v.<br><br>KATHY BRITAIN,<br>    Respondent | :<br>:<br>:<br>:   No. 1:22-cv-01234<br>:<br>:   (Judge Kane)<br>:<br>:<br>: |

## MEMORANDUM

Petitioner Edwin Baez ("Petitioner"), a state prisoner in the custody of the Pennsylvania Department of Corrections, has petitioned the Court for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254"). (Doc. No. 1.) He challenges his underlying state court criminal conviction and sentence, which were imposed by the Court of Common Pleas of Lebanon County, Pennsylvania in 2016. (Id.) For the reasons set forth below, his petition will be dismissed as untimely.

## I.    BACKGROUND

On August 2, 2022,[1] while Petitioner was incarcerated at State Correctional Institution Frackville ("SCI Frackville"), he commenced the above-captioned action by filing his Section 2254 petition and paying the requisite filing fee. (Id.) On August 25, 2022, the Court issued an Administrative Order in accordance with Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), instructing Petitioner that he could (1) have the petition ruled on as filed—that is, as a Section 2254 petition for a writ of habeas corpus or (2) withdraw his petition and file one all-inclusive

---

[1] The petition is dated August 2, 2022. (Doc. No. 1 at 14.) Although the Court did not receive the petition until August 8, 2022, the petition is deemed filed on August 2, 2022, pursuant to the prisoner mailbox rule. See, e.g., Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (explaining that "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing" (citation omitted)).

Section 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 3.) The Court included a Notice of Election form in its Administrative Order and directed Petitioner to elect how he would be proceeding in this action within forty-five (45) days. (Id. at 4.)

On October 14, 2022, Petitioner filed his Notice of Election form, choosing to have the Court rule on his Section 2254 petition as filed. (Doc. No. 4 at 1.) As a result, the Court directed the Clerk of Court to serve a copy of the petition on Respondent Kathy Britain, the Warden at SCI Frackville, as well as the Attorney General of the Commonwealth of Pennsylvania and the District Attorney of Lebanon County. (Doc. No. 5.) In addition, the Court ordered Respondent to file an answer, motion, or other response to the petition within twenty (20) days. (Id.)

Thereafter, on February 24, 2023, counsel entered his appearance on behalf of Respondent and filed a motion seeking an extension of time to answer Petitioner's Section 2254 petition. (Doc. No. 8.) The Court granted that motion, and Respondent subsequently filed a motion for leave to file a partial answer to the petition, as well as a response to the petition. (Doc. Nos. 10, 11.) As for the motion, Respondent sought to first address an alleged procedural issue with the petition (i.e., that it fails to comply with the applicable statute of limitations), before having to address the merits. (Doc. No. 10 (arguing that this would be a more expeditious way to proceed and that it would avoid expending unnecessary resources).) On March 1, 2023, the Court granted Respondent's motion. (Doc. No. 12.)

As reflected by the Court's docket, Petitioner has not filed a reply to Respondent's response or sought an extension of time in which to do so. Thus, the instant Section 2254 petition is ripe for the Court's disposition.

## II.     LEGAL STANDARD

Petitions for a writ of habeas corpus filed pursuant to Section 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

This limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. See 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)") (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). This limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by the habeas petitioner. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (regarding equitable tolling); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (regarding actual innocence).

**III.  DISCUSSION**

As stated above, Petitioner has petitioned the Court pursuant to Section 2254, challenging his state court conviction and sentence that were imposed by the Court of Common Pleas of Lebanon County, Pennsylvania.  (Doc. No. 1.)  Respondent has filed a response and supporting brief, arguing that Petitioner's Section 2254 petition was untimely filed and that no exceptions to the applicable statute of limitations apply here.  (Doc. Nos. 11, 11-1.)  Having thoroughly reviewed the underlying record in this matter, the Court agrees.

In his petition, Petitioner cites to the docket number of his criminal case stemming from Lebanon County—i.e., CP-38-CR-0000900-2014.  (Doc. No. 1 at 1, ¶ 1(b).)  The Court takes judicial notice of the state court's docket sheet in Petitioner's criminal case, which is publicly available through the Unified Judicial System of Pennsylvania Web Portal at the following website: https://ujsportal.pacourts.us/CaseSearch.  See Commonwealth v. Baez, No. CP-38-CR-0000900-2014 (Lebanon Cnty. Ct. Com. Pl. filed May 30, 2014); see also (Doc. No. 11-2 at 8–44 (containing the state court's docket sheet for Petitioner's criminal case)).

That docket sheet reflects that, on June 8, 2016, following a jury trial, Petitioner was convicted of involuntary deviate sexual intercourse, sexual assault, endangering welfare of children, corruption of minors, and indecent assault.  (Id. at 14–15); see also (Doc. No. 1 at 1, ¶ 5).  On November 29, 2016, the trial court imposed an aggregate sentence of twenty-one (21) to forty-four (44) years imprisonment.  (Id. at 1, ¶ 3).  Additionally, the trial court found Petitioner to be a sexually violent predator and ordered him to register as such for the remainder of his life.  See Commonwealth v. Baez, No. 681 MDA 2017, 2018 WL 5728674, at *2 (Pa. Super. Ct. Nov. 2, 2018); (Doc.  No. 11-2 at 29).

On May 15, 2017, the trial court denied Petitioner's post-sentence motions, and Petitioner filed a direct appeal to the Superior Court of Pennsylvania ("Superior Court"). (Doc. No. 11-2 at 32.) On November 2, 2018, the Superior Court affirmed Petitioner's judgment of sentence, but vacated his sexually violent predator designation. See Commonwealth v. Baez, No. 681 MDA 2017, 2018 WL 5728674, at *2 (Pa. Super. Ct. Nov. 2, 2018). Although Petitioner filed an application for reargument in the Superior Court, his application was denied on January 4, 2019. (Doc. No. 11-2 at 49–50.) There is no indication that Petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania or a petition for a writ of certiorari in the United States Supreme Court. See (Doc. Nos. 1; 11-2 at 8–44).

Under Pennsylvania law, a defendant who has been convicted and sentenced of a crime, such as Petitioner, has thirty (30) days in which to file a direct appeal, starting from the latter of (a) the date of sentencing, see Pa. R. Crim. P. 720(A)(3)), or (b) the date of an order deciding a timely post-sentence motion or acknowledging the defendant's withdrawal of such a timely post-sentence motion, see Pa. R. Crim. P. 720(A)(2). The defendant's judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." See 42 Pa. C.S.A. § 9545(b)(3).

In accordance with this authority, Petitioner's judgment became final on February 4, 2019, the last day of the thirty (30)-day period in which he had for seeking review from the Supreme Court of Pennsylvania.[2] See PA. R.A.P. 1113(a) (providing that a petition for

---

[2] Technically, Petitioner's thirty (30)-day period for filing a direct appeal ended on Sunday, February 3, 2019. Because, however, Saturdays and Sundays are excluded from the calculation of that period, Petitioner's thirty (30)-day period ended the following Monday (i.e., Monday, February 4, 2019). See 1 Pa. C.S. § 1908 (explaining that, "[w]henever the last day of any [computation of time] period shall fall on Saturday or Sunday, or on any day made a legal

allowance of appeal to the Supreme Court of Pennsylvania shall be filed within thirty (30) days after the entry of the Pennsylvania Superior Court's order); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (explaining that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review (citation omitted)). Consequently, the one-year limitations period set forth in Section 2244(d)(1) commenced running the following day, on February 5, 2019, and Petitioner had one year, or until February 5, 2020, to file his Section 2254 petition in this Court.  Petitioner, however, did not file his petition until August 2, 2022 (Doc. No. 1 at 14), well over two (2) years after the one-year statute of limitations expired. Consequently, the Court finds that his petition is untimely.

However, the Court's analysis does not end there. The Court must next determine whether Petitioner is entitled to any statutory or equitable tolling, or relief under the actual innocence exception.  For the reasons discussed below, the Court finds that Petitioner is not entitled to such tolling or any relief under the actual innocence exception.

  **A.**  **Statutory Tolling**

With respect to statutory tolling, the Court observes that, under Section 2244(d)(2), the one-year limitations period is tolled with respect to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]" See 28 U.S.C. § 2244(d)(2).  Here, the state court record reflects that, during the relevant period of time, Petitioner filed a pro se petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  Thus, the question for the Court is whether that petition tolled the one-year limitations period.

---

holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

Petitioner filed his pro se PCRA petition on January 30, 2020. (Doc. No. 11-2 at 34.) On or about that same date, the trial court, sitting as the PCRA court, granted Petitioner's motion seeking the appointment of counsel. (Id.) The PCRA court also issued a rule to show cause why a hearing should not be granted, to which the Commonwealth of Pennsylvania filed a response. (Id. at 34–35.) "The PCRA court [also] entered an order, pursuant to Pa.R.Crim.P. 907, giving notice of its intention to dismiss [Petitioner's] petition without a hearing and [Petitioner] filed a counseled response to the Rule 907 notice." (Id. at 79.) Subsequently, on June 5, 2020, the PCRA court held a hearing on Petitioner's request for PCRA relief. (Id. at 37, 38.)

Following the hearing, the PCRA court issued an order on June 9, 2020, denying Petitioner's request for PCRA relief. (Id. at 38.) Petitioner filed a collateral appeal to the Superior Court, which affirmed the PCRA court's denial on February 24, 2021. (Id. at 77–85.) On March 26, 2021, Petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania. (Id. at 57–60.) And, on August 4, 2021, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. (Id. at 59.)

As set forth above, the one-year statute of limitations period set forth in Section 2244(d)(1) commenced running on February 5, 2019. Thus, when Petitioner timely filed his PCRA petition on January 30, 2020, three-hundred and fifty-nine (359) days of the one-year limitations period elapsed (i.e., the amount of days between February 5, 2019, and January 30, 2020). Additionally, when Petitioner timely filed his PCRA petition on January 30, 2020, the one-year limitations period was automatically tolled on that date, and it remained tolled until August 4, 2021, when the Supreme Court of Pennsylvania denied his petition for allowance of appeal. See LaCava v. Kyler, 398 F.3d 271, 274 (3d Cir. 2005) (explaining that the statute of limitations was tolled on the date that the state prisoner properly filed his state post-conviction

petition and remained tolled until the date on which the Supreme Court of Pennsylvania denied his petition for allowance of appeal (citation omitted)); Stokes v. Dist. Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (concluding that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of a state post-conviction petition does not toll the one-year limitations period under 2244(d)(2) (collecting cases)).

Thus, the one-year limitations period began to run again the following day on August 5, 2021, and continued to run for a total of six (6) days, or until August 10, 2021, when the one-year limitations period fully expired (i.e., counting six (6) more days, as three-hundred and fifty-nine (359) days of the one-year limitations period had already elapsed). Petitioner, however, did not file his Section 2254 petition in this Court until August 2, 2022, which was three-hundred and fifty-six (356) days after the limitations period expired (i.e., counting from August 11, 2021, until August 2, 2022).

Accordingly, for all of these reasons, the Court concludes that statutory tolling does not overcome the untimeliness of Petitioner's Section 2254 petition. The Court turns to the question of whether the one-year limitations period is subject to equitable tolling or whether Petitioner is entitled to relief under the actual innocence exception.[3]

---

[3] Although it appears that Petitioner may have subsequently filed at least one additional PCRA petition on August 12, 2022, see, e.g., (Doc. No. 11-2 at 42), that petition did not toll the one-year limitations period set forth in Section 2244(d)(1) because there was, quite simply, no time left to toll.

B.   **Equitable Tolling**

"Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Merritt, 326 F.3d at 168).  For that reason, "[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" See id. (quoting Pace, 544 U.S. at 418). Equitable tolling may be appropriate if: (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum." See id. (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)); see also Pace, 544 U.S. at 419 (explaining that "[u]nder long-established principles, [a] petitioner's lack of diligence" will "preclude[ ] equity's operation" (citations omitted)).

The Court, having carefully reviewed this matter, finds that Petitioner has not met his burden to demonstrate that equitable tolling is warranted here.  More specifically, Petitioner has neither alleged nor shown any factual basis upon which the Court could conclude that he diligently pursued his rights and that some extraordinary circumstance stood in his way, thus preventing him from timely filing the instant Section 2254 petition in this Court.  See, e.g., (Doc. No. 2 at 13 (containing his Section 2254 petition wherein he left blank the section of his petition titled, "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in [Section 2244(d)] does not bar your petition . . . ")).  Additionally, and as stated above, Petitioner did not respond to Respondent's contention that his petition was untimely filed.

9

Moreover, it has long been recognized that "[m]ere excusable neglect is not sufficient" to rise to the level of an extraordinary circumstance. See LaCava, 398 F.3d at 276; Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 n.16 (3d Cir. 2013) (noting that claims of "excusable neglect . . . such as attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling" (citation, internal citation, and internal quotation marks omitted)). Thus, the Court turns to whether the actual innocence exception allows Petitioner to overcome the time-bar to his Section 2254 petition.

C.  **Actual Innocence**

The Court begins with the basic legal tenet that the actual innocence exception "applies to a severely defined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" See McQuiggin, 569 U.S. at 394–95 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Thus, relief under this exception is exceedingly rare, see id. at 386, and the standard for establishing actual innocence is an exacting one. See id. at 401. The standard demands "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." See Schlup, 513 U.S. at 324. Accordingly, a habeas corpus petitioner, such as Petitioner, has not met this standard "'unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" See McQuiggin, 569 U.S. at 386 (quoting Schlup, 513 U.S. at 329).

"Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schulp, 513 U.S. at 324; Sistrunk v. Rozum, 674 F.3d 181, 192 (3d Cir. 2012) (explaining that "Schlup sets a supremely high bar"). Thus, "[p]roving

actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." See id. at 191 (citations omitted). All three (3) of these factors are necessary for a habeas petitioner to be entitled to relief under the actual innocence exception. See id. And, if ultimately proven, this exception "serves as a gateway through which a petitioner may pass" even though the statute of limitations has expired. See McQuiggen, 569 U.S. at 386.

Accordingly, in order for Petitioner to demonstrate that he is entitled to pass through this gateway exception based upon his actual innocence, he was required to establish as a factual matter that, in light of new reliable evidence, no juror acting reasonably would have found him guilty of the crimes for which he was convicted. The Court, having thoroughly reviewed this matter, ultimately finds that Petitioner has not made this threshold showing. In fact, from what the Court can discern, Petitioner has not asserted actual innocence, much less presented any new reliable evidence of his innocence.

Thus, for all of these reasons, the Court concludes that Petitioner has not met his burden of proof that he is entitled to relief under the actual innocence exception. See House v. Bell, 547 U.S. 518, 538 (2006) (stating that "it bears repeating that the Schlup standard is demanding and permits review only in the extraordinary case" (citations omitted)). Accordingly, Petitioner's Section 2254 petition is barred by AEDPA's statute of limitations.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court will dismiss the instant petition for a writ of habeas corpus. In addition, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner

must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").  An appropriate Order follows.


                                         s/ Yvette Kane
                                         Yvette Kane, District Judge
                                         United States District Court
                                         Middle District of Pennsylvania